UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
TRACY TUTOR,                                                 :
                                      Plaintiff,             :
                                                             :           26 Civ. 1813 (LGS)
                    -against-                                 :
                                                             :                **ORDER**
OREN ALEXANDER,                                              :
                                      Defendant.             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, this matter was filed on March 5, 2026, by Plaintiff Tracy Tutor against Defendant Oren Alexander asserting two claims under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code § 10-1104, and the Trafficking Victims Protection and Reauthorization Act, 18 U.S.C. §§ 1591, 1595, respectively.

WHEREAS, pursuant to a March 9, 2026, Order, on March 13, 2026, the parties filed letters stating their respective positions on whether this case should be stayed, as other similar actions have been. *See, e.g.*, *Doe v. Alexander*, No. 25 Civ. 1631, 2025 WL 1384786, at *1 (S.D.N.Y. Apr. 25, 2025); Order at 1, *Willett v. Alexander*, No. 24 Civ. 5672 (S.D.N.Y. Mar. 18, 2025), Dkt. No. 23. Defendant's March 13 letter moved for a stay.

WHEREAS, at least two appeals are pending before the Second Circuit that raise substantially similar legal issues to those presented by Defendant here and in other stayed cases. *See Parker v. Alexander*, No. 25-487, 2026 WL 796168 (2d Cir. Mar. 23, 2026); *Doe v. Black*, No. 25-564 (2d Cir. argued Dec. 17, 2025).

WHEREAS, on February 23, 2026, the Second Circuit remanded *Doe* to the district court to determine a motion for case-terminating sanctions.

WHEREAS, in *Parker*, on March 23, 2026, the Second Circuit deferred decision and certified to the New York Court of Appeals the question of "[w]hether the two-year revival window established by New York City's [VGMVPL in 2022] to permit victims of sexual and gender-based violence to pursue civil claims, is preempted by the earlier revival periods set forth in New York State's Child Victims Act ['CVA'] and Adult Survivors Act ['ASA']." 2026 WL 796168, at *1. The Second Circuit specified that, "[i]n certifying this question, we understand that the New York Court of Appeals may reformulate or expand the certified question as it deems appropriate." *Id.* at *6.

WHEREAS, the question certified to the New York Court of Appeals encompasses both conflict and field preemption of the VGMVPL. The Second Circuit's opinion notes that on appeal, the defendants rely on both "conflict and field preemption to argue that the earlier state law revival windows of the CVA and ASA clearly preempt the VGMVPL's later window and bar the Plaintiff's claims." *Id.* at *3. The opinion further notes that "[t]he Court of Appeals has yet to address whether the revival provisions of the CVA and ASA preempt the VGMVPL's revival window as a matter of either conflict preemption or field preemption." *Id.* at *6.

WHEREAS, if the New York Court of Appeals addresses field preemption and holds that the State of New York has occupied the field of revival of claims arising from sexual offenses, then local laws providing for such revival would be preempted, regardless of the timing of the revival windows created.

WHEREAS, resolution of the certified question thus may be dispositive of Plaintiff's claim under the VGMVPL in this case. It is hereby

**ORDERED** that, in the interest of efficiency, and to avoid potentially unnecessary or duplicative proceedings, the motion to stay is **GRANTED**. This case is stayed pending a

decision by the New York Court of Appeals or the Second Circuit bearing on the certified question in *Parker* described above.  It is further

**ORDERED** that, promptly after any such decision, the parties shall file a joint letter notifying the Court and proposing next steps.  By **July 6, 2026**, if there has been no such decision, the parties shall file a joint letter regarding (1) the status of the appellate proceedings and (2) the parties' respective positions as to whether the stay should be continued or lifted.  It is further

**ORDERED** that both the initial pretrial conference scheduled for May 5, 2026, and the related April 28, 2026, deadline to submit materials are **ADJOURNED** *sine die*.

The Clerk of Court is respectfully requested to close the motion at Dkt. No. 10.

Dated:  April 6, 2026
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**